UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE


**GEORGE HOWARD**
    Plaintiff

**v.**                                                                                                                       **No. 3:10CV-00046-J**

**MICHAEL ASTRUE**
    Commissioner of Social Security
    Defendant


**MAGISTRATE JUDGE'S REPORT**
**and RECOMMENDATION**

This matter is before the court upon the plaintiff's complaint seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). The plaintiff is represented by Alan Lani. The fact and law summaries of the plaintiff and the defendant are at Docket Entry Nos. 14 and 17, respectively. This matter has been referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636.

The final decision of the Commissioner was rendered on September 1, 2009, by administrative law judge (ALJ) Patrick Kimberlin III. In support of his decision denying Title II and Title XVI benefits, Judge Kimberlin entered the following numbered findings:

    1. The claimant meets the insured status requirements of the Social Security Act through March 31, 2008.

    2. The claimant has not engaged in substantial gainful activity since August 18, 2006, the alleged onset date (20 CFR 404.1571 et seq., and 416.971 et seq.).

    3. The claimant has the following severe impairments: lumbar degenerative disc disease, a history of recurrent boils, and obesity (20 CFR 404.1520(c) and 416.920(c)).

    4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift/carry up to twenty pounds occasionally, lift/carry up to ten pounds frequently, stand/walk for up to six hours in an eight hour day, sit for up to six hours in an eight hour day, perform unlimited pushing or pulling, occasionally stoop, and should have no concentrated exposure to vibrations.

6. The claimant is capable of performing past relevant work as a parking lot attendant and ticket taker. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).

7. The claimant has not been under a disability, as defined in the Social Security Act, from August 18, 2006 through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

(Administrative Record (AR), pp. 14-18).

## Governing Legal Standards

1. The court has jurisdiction to examine the record that was before the Commissioner on the date of the Commissioner's final decision and to enter a judgment affirming, modifying, or reversing that decision. 42 U.S.C. § 405(g), sentence four. In exercising its "sentence four" jurisdiction, the court is limited to determining whether the Commissioner's controlling findings are supported by substantial evidence and whether the Commissioner employed the proper legal standards in reaching his decision. *Richardson v. Perales*, 402 U.S. 389 (1971). Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Kirk v. Secretary*, 667 F.2d 524 (6th Cir., 1981). It has been described as a sufficient amount of evidence "to justify, if the trial were to a jury, a refusal to direct a verdict." *Sias v. Secretary*, 861 F.2d 475, 480 n. 1 (6th Cir., 1988). In determining whether the Commissioner's findings are supported by substantial evidence, the court must examine the evidence in the record taken as a whole and must take into account whatever in the record fairly detracts from its weight. *Wyatt v. Secretary*, 974 F.2d 680 (6th Cir., 1992). However:

> The substantial-evidence standard allows considerable latitude to administration decision makers. It presupposes that there is a zone of choice within which the decision makers can go either way, without interferences by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision.

*Mullen v. Secretary*, 800 F.2d 535, 545 (6th Cir., 1986).

When conducting substantial evidence review, the court is restricted to a consideration of the evidence that was before the Commissioner on the date of the final decision. When the Appeals Council declines to review the ALJ's decision and render a new decision, the ALJ's decision becomes the Commissioner's final decision. *Cotton v. Secretary*, 2 F.3d 692 (6th Cir., 1993).

2. To be entitled to disability insurance benefits (DIB), a claimant must be under the age of 65 years, must meet the insured status requirements of Title II of the Social Security Act, and must be under a disability as defined by the Act. To qualify for supplemental security income (SSI) benefits, a claimant must file a Title XVI application, must have insufficient earnings and other financial resources, and must be under a disability as defined by the Act. The determination of disability is essentially the same for Title II and Title XVI purposes.

3. Disability determination is a five-step sequential evaluation process, to-wit:

**STEP #1** The claimant must not be engaged in substantial gainful activity.

**STEP #2** The alleged disabling impairment must be "severe." A "severe" impairment is one that "significantly limits" a claimant's ability to do "basic work activities" that are "necessary to do most jobs" such as walking, standing, sitting, lifting, seeing, hearing, and speaking. 20 C.F.R. §§ 404.1521 and 416.921. Only a "slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work,

irrespective of age, education and work experience" is "nonsevere." *Farris v. Secretary*, 773 F.2d 85, 89-90 (6th Cir., 1985). Any physical or mental impairment that has more than a de minimis, or significant, effect on the claimant's ability to work is "severe," and the sequential evaluation should proceed to Step #3. In addition, the "severe" impairment must satisfy the so-called duration requirement, to-wit, the impairment must be expected to result in death or "must have lasted or must be expected to last for a continuous period of at least 12 months." 20 C.F.R. §§ 404.1509 and 416.909.

**STEP #3** If the claimant has a medical condition that meets or exceeds the criteria for an impairment defined in Appendix 1 of 20 C.F.R. Part 404, Subpart P of the regulations ("the Listing"), a conclusive presumption attaches that the claimant is disabled.

**STEP #4** The claimant must not be able to perform his past relevant work either as he actually performed it or as it generally performed in the national economy.

**STEP #5** If the claimant makes a prima facie showing that he cannot perform his past relevant work, the burden of going forward with evidence shifts to the Commissioner to show that a significant number of jobs exist in the national economy that the claimant can perform. *Born v. Secretary*, 923 F.2d 1168 (6th Cir., 1990). The focus of judicial review in Step #5 cases is typically whether the controlling hypothetical posed to the vocational expert reflected all vocationally significant physical and mental limitations actually suffered by the claimant. *Varley v. Secretary*, 820 F.2d 777 (6th Cir., 1987).

**Discussion**

This case was denied at the fourth step of the sequential evaluation process based upon testimony from a vocational expert (VE). The VE testified that an individual with the "light" residual physical capacity summarized in Finding No. 5, above, would retain the ability to perform the plaintiff's past relevant work as a parking lot attendant and ticket taker (AR, pp. 50-51). The VE characterized these jobs as "light and unskilled" (AR, p. 52). More specifically, the VE testified that neither the limitations assigned by the state agency program physician, Dr. Hernandez (Exhibit 9F, AR, pp. 264-271) nor those given by the one-time examining physician, Dr. Burns (Exhibit 8F, p. 4, AR, p. 261) would preclude performance of the plaintiff's past relevant work. The magistrate judge concludes that the ALJ's fourth-step denial decision is substantially supported by the vocational testimony. Accordingly, unless the plaintiff points the court to evidence of an additional vocationally-significant physical or mental limitation that is <u>not</u> contemplated by the foregoing VE testimony, the court should affirm the ALJ's denial decision.

Because neither the plaintiff nor this court is a medical expert qualified to interpret raw medical data and diagnoses in functional terms, the plaintiff must identify an additional restriction opined by an acceptable medical source. The plaintiff has failed to identify any such restriction. Therefore, we shall recommend an affirmance of the Commissioner's final decision. The plaintiff's specific contentions shall be considered in turn.

The plaintiff's first numbered contention is that "the ALJ erred in limiting his findings regarding the claimant's severe impairments to be lumbar degenerative disk disease, history of recurrent boils, and obesity" (Docket Entry No. 14, p. 4). According to the argument, the following raw medical data necessitated a finding of greater restrictions (AR, p. 285):

5

> There is an MRI of the lumbar spine performed on 10/10/2006 that shows a large size disk herniation at L5-S1 to the left with significant impingement. There is a moderate degree of facet joint and posterolateral ligamentous hypertrophy as well as decreased AP diameter of the thecal sac at L3-4-, L4-5, and L5-S1 consistent with congenital spinal stenosis.

The argument is unpersuasive for the same reasons indicated in the previous paragraph, to-wit, raw medical findings and diagnoses say nothing about the degree of limitation present. See also *Maziarz v. Secretary*, 837 F.2d 240 (6th Cir., 1987) (an ALJ's failure to identify an impairment as a "severe" impairment at the second step of the sequential evaluation process is harmless error if the ALJ acknowledged at least one "severe" impairment and there is no indication that the unidentified impairment results in additional restrictions).

Next, the plaintiff argues that "the ALJ erred in finding a residual functional capacity that allows for lifting/carrying of 20 pounds occasionally and 10 pounds frequently, and standing/walking up to six hours per day and sitting up to six hours per day, which allows for a return to past work as a parking lot attendant or ticket taker" (Docket Entry No. 14, p. 5). According to the argument, the ALJ should have accepted the following opinion of the one-time examining source, Dr. Burns, with respect to the plaintiff's ability to "move about and travel" (AR, p. 261):

> Based on the medical findings, it would appear that Mr. Howard has the ability to perform activities involving sitting, standing, lifting, carrying and handling objects, hearing, seeing and speaking. Activities involving moving about and traveling would be difficult for Mr. Howard to perform and thus it is recommended that he did not perform these activities at this time. It is my recommendation that Mr. Howard undergo physical therapy and strengthening in his lower back. It is also recommended that he lose weight if he is 5 feet 9 inches tall and weight 266 pounds. It is my belief however that with physical therapy and increased strength and range of motion his straight leg raising should improve along with his gait and station. **He should be able to perform activities involving moving about and traveling in my opinion within the next nine month to a year** *(emphasis added)*. ... He has difficulty with gait and station without evidence of motor dysfunction, sensory loss, or reflex abnormality. He does not use cane or assistive device for ambulation. ...

The ALJ accepted the VE's testimony that Dr. Burns' finding concerning "moving about" was too "vague" to be vocationally significant, especially in light of Dr. Burns' other findings to the effect that the plaintiff can sit, stand, lift, carry, and handle objects without limitation (AR, p. 17 and 52). The magistrate judge concludes that the ALJ had a substantial basis for his consideration of this "vague" part of Dr. Burns' opinion. Furthermore, even if the controlling vocational hypothetical otherwise should have contemplated some degree of inability to move about, in light of Dr. Burns' finding that the plaintiff should be able to move about "within the next nine months to a year," the "moving about" limitation does not satisfy the so-called duration requirement, to-wit, the impairment must be expected to result in death or "must have lasted or must be expected to last for a continuous period of at least 12 months." 20 C.F.R. §§ 404.1509 and 416.909. Hence, the limitation was properly omitted from the hypothetical.

The plaintiff's third and final numbered contention is that "the ALJ erred in rejecting the claimant's testimony regarding the extent of pain suffered and its impact on his ability to maintain sitting, standing, and/or other work activities throughout the course of an 8 hour day" (Docket Entry No. 14, p. 7). The plaintiff argues that, in light of the lumbar MRI results discussed in connection with contention no. 1, supra (AR, p. 285), and the "two-pronged" test in *Felisky v. Bowen*, 35 F.3d 1027 (6th Cir., 1994), the ALJ should have accepted his complaints of disabling pain. *Felisky* described the two-pronged test, which pertains to the presence of objective medical evidence, as follows:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

7

The magistrate judge agrees with the plaintiff that the MRI results satisfied the foregoing two-pronged test. However, as noted in *Felisky*, satisfaction of the test is "not the end of the analysis." Rather, after the plaintiff has shown that his complaints of disabling pain have an adequate objective medical basis, the ALJ must evaluate the likely limitations that are actually present based upon an open-ended consideration of the medical and non-medical evidence as a whole. Among the factors to be considered are the following:

> (i) Your daily activities;
>
> (ii) The location, duration, frequency, and intensity of your pain or other symptoms;
>
> (iii) Precipitating and aggravating factors;
>
> (iv) The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms;
>
> (v) Treatment, other than medication, you receive or have received for relief of your pain or other symptoms;
>
> (vi) Any measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and
>
> (vii) Other factors concerning your functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. §§ 404.1529(c)(3) and 416.929(c)(3).

In other words, the two-pronged test is merely a prerequisite that authorized but did not require the Commissioner to find disabling pain based upon a consideration of the remaining factors. In *Felisky*, the ALJ erred in finding that the prerequisite was unsatisfied, and the court was able to conclude that the "full test [i.e., factors i through vii] shows that the vast majority of the factors support Felisky's complaints about her pain."

The magistrate judge concludes that, unlike the ALJ in *Felisky*, Judge Kimberlin's decision reflects that he did not pre-terminate the analysis at the two-pronged test but rather based his RFC finding upon a consideration of the regulatory factors and the evidence as a whole (AR, p. 16). The plaintiff has failed to show that Judge Kimberlin mischaracterized the evidence or that a fair weighing of the factors militated an acceptance of his complaints of disabling pain.

## RECOMMENDATION

The magistrate judge RECOMMENDS that the final decision of the Commissioner be AFFIRMED and that the plaintiff's complaints be DISMISSED.

**NOTICE**

Pursuant to 28 U.S.C. § 636(b)(1), as amended, any party shall have a period of fourteen (14) days, excluding intervening Saturdays, Sundays, and/or legal holidays pursuant to Fed.R.Civ.P. 6(a), from the date of notice of electronic filing within which to file written objections to the foregoing report with the Clerk of the Court. Further and pursuant to Fed.R.Civ.P. 72(b), any party may file a response to objections filed by another party within fourteen (14) days, excluding Saturdays, Sundays, and/or intervening legal holidays, after being served with a copy of said objections. A period of three days shall be added to each fourteen (14) day period above pursuant to Fed.R.Civ.P. 6(d), for a total of seventeen (17) working days.

The court shall not conduct a <u>de novo</u> review of objections that are general, conclusory, or merely adopt previous pleadings. The original objections shall be sent to the Clerk of Court either electronically or by mail. A copy of any objections and response thereto shall be served on the undersigned at Suite 330, 501 Broadway, Paducah, Kentucky, 42001 or via e-mail to w_david_king@kywd.uscourts.gov. Failure of a party to file timely objections shall constitute a waiver of the right to appeal by that party. *Thomas v. Arn*, 474 U.S. 140 (1985).